1  KAMALA D. HARRIS
   Attorney General of California
2  FRANCES T. GRUNDER
   Senior Assistant Attorney General
3  MICHELE VAN GELDEREN
   Supervising Deputy Attorney General
4  WILLIAM R. PLETCHER (SBN 212664)
   BERNARD A. ESKANDARI (SBN 244395)
5  TIMOTHY D. LUNDGREN (SBN 254596)
   Deputy Attorneys General
6   300 South Spring Street, Suite 1702
    Los Angeles, CA 90013
7   Telephone: (213) 897-2000
    Fax: (213) 897-4951
8   E-mail: bernard.eskandari@doj.ca.gov

9  *Attorneys for Plaintiff, the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**JPMORGAN CHASE & CO., a Delaware Corporation; CHASE BANK USA, N.A., a Delaware Corporation; CHASE BANKCARD SERVICES, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,**<br><br>Defendants. | Case No. CV13-4151 SJO (JEMx)<br><br>**NOTICE OF MOTION AND MOTION TO REMAND PEOPLE'S ENFORCEMENT ACTION TO STATE COURT AND FOR JUST COSTS AND ACTUAL EXPENSES**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DECLARATION OF BERNARD A. ESKANDARI**<br><br>Hearing: July 22, 2013<br>Time: 10:00 a.m.<br>Ctrm No.: 1, 2nd Floor<br>Judge: Hon. S. James Otero<br><br>(Los Angeles Superior Court Case No. BC508466) |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 22, 2013, at 10:00 a.m., or as soon after as the matter may be heard by the Honorable S. James Otero in Courtroom 1 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012-4701, the People of the State of California (the People) will and hereby move the Court for an order remanding this action to the Superior Court for the State of California, County of Los Angeles, and an order awarding the People just costs and actual expenses, including attorney fees, in the amount of $27,650 incurred as a result of Defendants' removal.

This motion is brought under 28 U.S.C. § 1447(c) on the grounds that this Court lacks subject matter jurisdiction over the People's enforcement action. Defendants' notice of removal states that because the People's action is a "mass action" under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and because CAFA provides district courts with original jurisdiction over "mass actions," this Court thus has subject matter jurisdiction over the People's action. Controlling Ninth Circuit authority, however, compels immediate remand. In *Nevada v. Bank of America*, 672 F.3d 661 (9th Cir. 2012), the U.S. Court of Appeals for the Ninth Circuit explicitly held that law enforcement actions brought by a state attorney general on behalf of the people of the state to protect against unfair business practices are not "mass actions" under CAFA. Accordingly, under *Nevada v. Bank of America*, this Court lacks subject matter jurisdiction over the People's enforcement action, and it must be remanded immediately.

Additionally, under 28 U.S.C. § 1447(c), the People are entitled to recover $27,650 as "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because controlling Ninth Circuit authority plainly forecloses Defendants' sole basis for removal, Defendants' attempt to remove the People's enforcement action was objectively unreasonable.

This motion is based on this Notice of Motion and Motion, the attached

1 Memorandum of Points and Authorities, the attached Declaration of Bernard A.
2 Eskandari, the Court's files and records, and upon such further papers and argument
3 as may be presented to the Court prior to and at the hearing.
4     This motion is made following the conference of counsel pursuant to L.R. 7-3,
5 which took place on June 13, 2013.  *See* Eskandari Decl., ¶ 3.

7 Dated:  June 24, 2013                                      Respectfully submitted,

                                                                    KAMALA D. HARRIS
                                                                    Attorney General of California
                                                                    FRANCES T. GRUNDER
                                                                    Senior Assistant Attorney General
                                                                    MICHELE VAN GELDEREN
                                                                    Supervising Deputy Attorney General

                                                                    /s/ Bernard A. Eskandari
                                                                    BERNARD A. ESKANDARI
                                                                    Deputy Attorney General
                                                                    *Attorneys for Plaintiff, the People of the State of California*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The California Attorney General, on behalf of the People of the State of California (the People), brought this law enforcement action under California's Unfair Competition Law against JP Morgan Chase & Co. and certain of its affiliates (collectively, Defendants). The People allege that Defendants violated California law by, among other things, using California's court system as a debt collection mill to secure default judgments against more than 120,000 California consumers.

Defendants do not dispute that the People's law enforcement action involves only issues of state law. Instead, Defendants claim that this enforcement action is a "mass action" over which this Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Controlling contrary Ninth Circuit precedent, however, expressly forecloses federal jurisdiction here under CAFA. *See Nevada v. Bank of Am.*, 672 F.3d 661, 672 (9th Cir. 2012) (holding attorney general's consumer protection enforcement action not removable under CAFA).

Relegating this binding Ninth Circuit authority to a footnote in their removal notice, Defendants ask this Court to follow the heavily criticized Fifth Circuit decision in *Mississippi ex rel. Hood v. AU Optronics Corp.,* 701 F.3d 796 (5th Cir. 2012), in which the Supreme Court recently granted certiorari. *See* No. 12-1036, -- S.Ct. ----, 2013 WL 655204 (May 28, 2013).[1] Failing that, Defendants invite this Court to stay remand until the Supreme Court hands down a decision in *Mississippi ex rel. Hood v. AU Optronics*. *See* Defendant's Notice of Removal [Docket No. 1] (Removal Notice), ¶¶ 16-19.

---

[1] Indeed, with almost no exception, every court that has addressed the issue —including the Ninth Circuit in *Nevada v. Bank of America*—has rejected the Fifth Circuit's analysis. *See, e.g., AU Optronics Corp. v. South Carolina*, 699 F.3d 385 (4th Cir. 2012); *LG Display Co., Ltd. v. Madigan*, 665 F.3d 768 (7th Cir. 2011); *see also AU Optronics Corp.*, 701 F.3d at 805 (Elrod, J., concurring based on stare decisis but rejecting the majority's analysis, and noting that "almost every court that has independently considered" that analysis "has either questioned or disagreed with it").

1   However, a grant of certiorari does not relieve this Court of its duty to follow
2   established Ninth Circuit law.  "[O]nce a federal circuit court issues a decision, the
3   district courts within that circuit are bound to follow it and have no authority to
4   await a ruling by the Supreme Court before applying the circuit court's decision as
5   binding authority."  *Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).
6   Accordingly, the People respectfully request that this Court follow the Ninth
7   Circuit and immediately remand the People's enforcement action to state court.

## BACKGROUND

9   On May 9, 2013, the People filed their complaint against Defendants in the
10  Superior Court of the State of California, County of Los Angeles.  The People's
11  complaint alleges that Defendants committed debt collection abuses against tens of
12  thousands of California consumers.  *See* People's Complaint [Docket No. 1]
13  (Complaint), ¶ 1.  Among other abuses, Defendants flooded California's courts with
14  collection lawsuits against defaulted credit card borrowers based on patently
15  insufficient evidence and perjured declarations.  *See id.*, ¶¶ 1-3, 15-23.  The
16  complaint's sole cause of action is asserted under California's Unfair Competition
17  Law (UCL), Cal. Bus. & Prof. Code § 17200, et seq., which prohibits unlawful,
18  unfair, or fraudulent business acts or practices.  Complaint, ¶¶ 22-23.  State law
19  alone drives the complaint and provides for civil penalties, restitution, and
20  injunctive and other equitable relief.  *Id.*, ¶¶ 4, 22-23.  The People's complaint
21  contains no federal claims whatsoever.
22  Nonetheless, on June 10, 2013, Defendants filed a notice of removal of the
23  People's enforcement action on the grounds that it is a "mass action" under CAFA,
24  as interpreted by the Fifth Circuit in *Mississippi ex rel. Hood v. AU Optronics*
25  *Corp.*
26  / / /
27
28

# ARGUMENT

## A. Principles of Federalism Direct This Court to Be Particularly Suspect of Attempts to Remove an Enforcement Action Brought by a State Attorney General

Federal courts presume that "a cause lies outside" its "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Thus, the removing party bears the burden of establishing subject matter jurisdiction and overcoming the "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court must construe the removal statute strictly and reject jurisdiction if there is "any doubt" regarding whether removal was proper. *Id.* This presumption is equally strong under CAFA. *See, e.g.*, *Bank of Am.*, 672 F.3d at 666. And because of concerns for federalism and comity, the removal bar is even higher when a party attempts to remove an action brought originally by a state in state court. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 n.22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (advising against "snatch[ing] cases which a State has brought from the courts of that State, unless some clear rule demands it").

## B. The Ninth Circuit's Decision in *Nevada v. Bank of America* Dictates That This Case Be Immediately Remanded to State Court

Distilled to its core, Defendants' removal notice asks this Court to ignore controlling Ninth Circuit authority. Defendants "submit[] that removal is proper under the language of CAFA as held by the Fifth Circuit in *Caldwell* and *AU Optronics*." Removal Notice, ¶ 13. This Court, however, cannot determine whether removal would be proper under the law of another circuit. The Ninth Circuit's decision in *Nevada v. Bank of America* compels remand of the People's enforcement action against Defendants.

In *Nevada v. Bank of America*, the Ninth Circuit squarely held that an attorney general's consumer protection enforcement action is not removable under CAFA as a "mass action." *Bank of Am.*, 672 F.3d at 669-670. Indeed, in reaching its

conclusion, the Ninth Circuit considered at length, and then *rejected*, the reasoning of the Fifth Circuit. *Id*. at 669-70. This Court must decline Defendants' invitation to revisit the issue.

In *Nevada v. Bank of America*, the state of Nevada, through its attorney general, brought an enforcement action against Bank of America, alleging that Bank of America misled home mortgage borrowers about various modification and foreclosure terms, in violation of a Nevada consumer protection statute. *Id*. at 664. For this misconduct, the Nevada Attorney General sought restitution for defrauded Nevada consumers, injunctive relief, and civil penalties. *Id*. at 666. Bank of America removed the action, and the district court asserted federal jurisdiction over the action based on CAFA, and other grounds. The Nevada Attorney General appealed, and the Ninth Circuit reversed, instructing the district court to remand the case to state court. *Id*. at 675. In doing so, the Ninth Circuit confirmed that jurisdiction under CAFA's "mass action" prong is determined by "looking at the case as a whole to determine the real party in interest" and expressly rejected the Fifth Circuit's claim-by-claim approach. *Id*. at 670. The Ninth Circuit concluded that Nevada was the real party in interest because of the state's sovereign interest in the enforcement of its consumer protection laws. Defrauded consumers were not the real parties in interest, notwithstanding that the action sought restitution for their ultimate benefit. *Id*. at 672.

"[L]ooking at the case as a whole," *id*. at 670, as required by *Nevada v. Bank of America*, the People's enforcement action against Defendants is not a CAFA "mass action" brought on behalf of individual consumers. Just as in *Nevada v. Bank of America*, this is a public prosecution brought by a state attorney general, in her sovereign capacity, to enforce state consumer protection law on behalf of the general public. To this end, the action seeks restitution for defrauded consumers, injunctive relief, and civil penalties. Despite Defendants' invitation to this Court to follow the Fifth Circuit's reasoning, the People's claim for restitution does not

6

somehow transform this enforcement action into a "mass action."

As in *Nevada v. Bank of America*, the California Attorney General's "sovereign interest" is "not diminished merely because [she] has tacked on a claim for restitution." *Id*. at 671. Courts uniformly recognize that restitution serves a compelling law enforcement purpose separate and apart from benefitting the victims of illegal conduct. Among other things, it forces wrongdoers to disgorge ill-gotten gains, and "benefit[s] the public welfare by penalizing past unlawful conduct and deterring future wrongdoing." *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1126 (9th Cir. 2006); *see also, e.g.*, *People v. Toomey*, 157 Cal.App.3d 1, 25-26, 203 Cal.Rptr. 642 (1985) (restitution "is designed to penalize a defendant for past unlawful conduct and thereby deter future violations"). Simply put, "[t]hat some private parties may receive restitution does not negate the State's substantial interest or render the entire action removable [under CAFA]." *Bank of Am.*, 672 F.3d at 671 (citation omitted). Accordingly, the State is the real party in interest, notwithstanding that the California Attorney General seeks, among other remedies, restitution for Defendants' consumer victims.

This Court is bound to apply the holding in *Nevada v. Bank of America*. As dictated by established, binding Ninth Circuit law, the general public—"not the individual consumers—is the real party in interest" here. *Id*. at 670. Accordingly, CAFA does not provide a basis for Defendants to remove this enforcement action to federal court, and therefore this action must be returned to state court.[2]

### C. *Nevada v. Bank of America* Controls, Notwithstanding That the Supreme Court Recently Granted Certiorari in a Fifth Circuit Case

Implicitly acknowledging that the Ninth Circuit's decision in *Nevada v. Bank of America* compels remand of the People's enforcement action, Defendants ask

---

[2] Lacking original jurisdiction, this Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367, as urged by Defendants. *See, e.g.*, *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("supplemental jurisdiction cannot exist without original jurisdiction").

7

1 this Court not to remand the People's action until the Supreme Court issues its
2 decision in *Mississippi ex rel. Hood v. AU Optronics Corp.* *See* Removal Notice,
3 ¶ 13. In effect, Defendants ask this Court to prevent this public prosecution from
4 proceeding in state court *indefinitely*[3]—notwithstanding that this Court presently
5 has no jurisdiction over the action.

6 The Supreme Court's recent grant of certiorari in *Mississippi ex rel. Hood v.*
7 *AU Optronics Corp.* does not permit this Court, which lacks jurisdiction, to wait
8 and see if that changes. "[O]nce a federal circuit court issues a decision, the district
9 courts within that circuit are bound to follow it *and have no authority to await a*
10 *ruling by the Supreme Court before applying the circuit court's decision as binding*
11 *authority.*" *Yong*, 208 F.3d at 1119 n.2 (emphasis added); *accord, e.g.*, *In re Amy*,
12 698 F.3d 1151, 1152-53 (9th Cir. 2012) (panel decision is law of the circuit and
13 binding until reversed by the Supreme Court or an en banc court).

14 Indeed, even if the Supreme Court had granted certiorari in *Nevada v. Bank of*
15 *America,* the result would not change. "[T]he issuance of a writ of certiorari from
16 the United States Supreme Court does not vacate an opinion of the United States
17 Court of Appeals," and "[p]ending the high court's decision, a circuit court of
18 appeals opinion remains the law of the case and is binding upon federal district
19 courts within the circuit." *California v. Superior Court*, 150 Cal. App. 3d 848, 859
20 n.9, 197 Cal. Rptr. 914 (1984) (citations omitted). "[T]his Court is duty bound to
21 follow the law as articulated by the Court of Appeals for this Circuit . . . . That a
22 writ of certiorari has issued from the United States Supreme Court to the Court of

---

[3] "The average time between a grant of certiorari and the Supreme Court's decision is on the order of nine months, depending on the time of year." Aaron-Andrew P. Bruhl, *The Supreme Court's Controversial GVRs—and an Alternative*, 107 MICH. L. REV. 711, 745 (2009). Of course, this assumes that the Supreme Court does not request rehearing or hold the case over. This also assumes that the Supreme Court renders a decision on the merits at all. For example, it may well be the case that the parties settle, that certiorari was improvidently granted, or that the Supreme Court "remand[s] for further proceedings," as it did today in *Fisher v. Univ. of Tx.*, No. 11–345, --- S.Ct. ----, 2013 WL 3155220 (June 24, 2013).

1  Appeals does not relieve this Court of that duty." *Lakeside Cmty. Hosp. v. Tahoe*
2  *Reg'l Planning Agency*, 461 F. Supp. 1150, 1153 (D. Nev. 1978); *accord In re*
3  *Weltman*, 2F.2d 759, 760 (S.D.N.Y.1924) ("It is true that certiorari has been
4  granted to this decree . . . , but it stands as law for me.") (Hand, J.).

   The Supreme Court's recent grant of certiorari in an unrelated case in another
   circuit has absolutely no effect on these proceedings, and Defendants have made no
   argument—nor can they—as to it why this Court should ignore binding Ninth
   Circuit precedent.  Their alternative suggestion that this Court should stay its
   remand ruling, and consequently deprive the state court of jurisdiction over this
   public prosecution indefinitely, contravenes all federal authority known to the
   People.  This Court has no jurisdiction over the People's enforcement action and
   should remand it immediately.

### D.  The People Are Entitled to Just Costs and Actual Expenses, Including Attorney Fees, Incurred as a Result of Defendants' Objectively Unreasonable Removal Attempt

   "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Because "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  The objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1066-67 (9th Cir. 2008).

   For all the reasons stated above, Ninth Circuit law "clearly foreclosed" removal of the People's enforcement action.  Defendants do not even attempt to

9

argue that there is a basis for removal under Ninth Circuit law, or to distinguish *Nevada v. Bank of America*. Instead, Defendants make only a passing reference to this controlling authority in a footnote. *See* Removal Notice, ¶ 11 n.1. Moreover, Defendants suggest that the Ninth Circuit "did not follow" the Fifth Circuit's analysis, when it in fact the Ninth Circuit expressly *rejected* it. *See Bank of Am.*, 672 F.3d at 669-72 (rejecting the Fifth Circuit's claim-by-claim approach). Defendants' sole basis for removal is patently improper.

Accordingly, the People request just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Those costs and expenses total at least $27,650. *See* Eskandari Decl., ¶¶ 4-11.

## CONCLUSION

For the reasons discussed above, there is no federal jurisdiction over the People's enforcement action against Defendants, and therefore it should be remanded immediately to the Superior Court of California, County of Los Angeles. Moreover, Defendants had no objectively reasonable basis for removal of the enforcement action; as such, the People request payment of just costs and actual expenses incurred as a result of Defendants' baseless removal attempt.

Dated: June 24, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHELE VAN GELDEREN
Supervising Deputy Attorney General

/s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
Deputy Attorney General
*Attorneys for Plaintiff, the People of the State of California*

**DECLARATION OF BERNARD A. ESKANDARI**

I, Bernard A. Eskandari, hereby declare as follows:

1.     I am a Deputy Attorney General at the Office of the California Attorney General and one of the Deputy Attorneys General assigned to this matter. I make the following statements based on first-hand knowledge, except as stated otherwise. If called as a witness in this matter, I could and would competently testify under oath as to the facts set forth below.

2.     On June 10, 2013, Defendants filed a notice of removal of the People's state-law enforcement action against Defendants. The People maintain that Defendants lack an objectively reasonable basis for seeking removal and, accordingly, seek to have the enforcement action immediately remanded back to state court, where it properly belongs.

3.     In accordance with L.R. 7-3, on June 13, 2013, counsel for the People and Defendants met and conferred telephonically to discuss this remand motion with an eye toward eliminating the need to file it. The People stated their position that there is no basis for federal jurisdiction over this enforcement action and that it should be immediately remanded. Defendants would not agree to remand the action back to state court. The call lasted approximately 30 minutes, and the parties substantively discussed the merits of each position. The parties had a follow-up call on June 17, 2013, which also lasted approximately 30 minutes. The parties were again unable to reach a resolution eliminating the need for this remand motion. Due to the necessity of having the L.R. 7-3 conference at least seven days in advance of filing the remand motion, and the fact that the People seek to have the action remanded to the proper forum as soon as possible so as to minimize any delay of this public prosecution, it was not practicable for the parties to meet in person.

4.     The People have incurred and will incur reasonable costs and expenses, including attorney fees, as a result of Defendants' removal attempt.

11

1    5.    I graduated from the University of Michigan Law School in May 2006
2    and began working at the Los Angeles office of Munger, Tolles & Olson LLP in
3    December 2007, following a one-year clerkship with Hon. R. Guy Cole, Jr., a
4    federal judge sitting on the United States Court of Appeals for the Sixth Circuit.  I
5    was admitted to the California State Bar in November 2006.  If I were still at a law
6    firm, I would be a seventh-year associate.

7    6.    Timothy D. Lundgren, a deputy attorney general working on this
8    matter, graduated from Northwestern University's School of Law and Kellogg
9    School of Management in June 2007, and began working at the Los Angeles office
10   of Latham & Watkins LLP in November 2007.  Mr. Lundgren was admitted to the
11   California State Bar in December 2007.  If Mr. Lundgren were still at a law firm, he
12   would be a sixth-year associate.

13   7.    Attached hereto as Exhibit A is a true and correct copy of *The National
14   Law Journal* "2011 Associate Class Billing Survey," which charts the billing rates
15   of certain national law firms.  By way of example, this survey shows that in 2011,
16   Sheppard, Mullin, Richter & Hampton LLP, a law firm based in Los Angeles,
17   charged $505 to $635 per hour for an eighth-year associate.  The billing rate for a
18   fifth-year associate at Irvine-based Knobbe, Martens, Olson & Bear LLP is $395.

19   8.    To date, I have spent at least 15 hours researching and preparing this
20   motion.  Based upon my experience, I estimate that I will spend at least 10
21   additional hours preparing a reply to this motion, preparing for oral argument, and
22   attending the hearing for this motion.  In total, I expect to spend in excess of 25
23   hours on this motion.

24   9.    To date, Mr. Lundgren has spent at least 30 hours researching and
25   preparing this motion.  Based upon my experience, I estimate that Mr. Lundgren
26   will spend at least 15 additional hours preparing a reply to this motion, preparing
27   for oral argument, and attending the hearing for this motion.  In total, I expect Mr.
28   Lundgren to spend in excess of 45 hours on this motion.

10. Neither of these figures includes time spent on this matter by supervisors, paralegals, or assistants.

11. The People seek a reasonable rate of $395 per hour for its counsel's services in this matter. Accordingly, the People seek a total of $27,650 in attorney fees, which is the product of 70 hours (25 for myself and 45 for Mr. Lundgren) multiplied by a billing rate of $395.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2013, in Los Angeles, California.

BERNARD A. ESKANDARI