MORGAN, LEWIS & BOCKIUS LLP
JAMI MCKEON (SBN 237923)
RICHARD ESTERKIN (SBN 70769)
YARDENA ZWANG-WEISSMAN (SBN 247111)
jmckeon@morganlewis.com
resterkin@morganlewis.com
jduffy@morganlewis.com
yzwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Attorneys for Defendants
JPMORGAN CHASE & CO., CHASE BANK USA, N.A. and CHASE BANKCARD SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

JPMORGAN CHASE & CO., a Delaware Corporation; CHASE BANK USA, N.A., a Delaware Corporation; CHASE BANKCARD SERVICES, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:13-cv-04151 SGO (JEMx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMI WINTZ MCKEON IN SUPPORT THEREOF**

Date: August 12, 2013
Time: 10:00 a.m.
Ctrm: Hon. S. James Otero
Courtroom 1
312 North Spring Street
Los Angeles, CA 90012

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that, on August 12, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendants JPMorgan Chase & Co., Chase Bank USA, N.A. and Chase Bankcard Services, Inc. (collectively, "Defendants") will, and hereby do, move the court for the entry of an order dismissing this case on

the ground that the complaint herein fails to state a claim upon which relief can be granted because the sole claim for relief asserted in the complaint -- for violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq*., (the "UCL") -- is barred by California's litigation privilege.

The foregoing motion will be based upon this notice of motion and motion, the attached Memorandum of Points and Authorities, such other and further evidence and argument as may be presented in any reply memorandum filed herein or at the hearing of said motion, and upon the Court's file in this case.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 8, 2013.

Dated: July 15, 2013

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Richard W. Esterkin

Jami McKeon (SBN 237923)
Richard W. Esterkin (SBN 70769)
Yardena Zwang-Weissman (SNB 247111)

Attorneys for Defendants
JPMORGAN CHASE & CO., CHASE BANK USA, N.A. and CHASE BANKCARD SERVICES, INC.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. SUMMARY OF ALLEGATIONS ..... 2
III. THE STANDARDS APPLICABLE TO MOTIONS TO DISMISS ..... 4
IV. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE ALLEGED WRONGFUL ACTS UPON WHICH THE COMPLAINT IS BASED ARE COMMUNICATIONS PROTECTED BY CALIFORNIA'S LITIGATION PRIVILEGE ..... 5
  A. The Litigation Privilege Applies to the Allegations in the Complaint ..... 5
  B. The Litigation Privilege Bars the UCL Claim Asserted in the Complaint ..... 8
V. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Superior Court*,
2 Cal. App. 4th 521, 3 Cal. Rptr. 2d 49 (1992) ..... 9

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*,
89 F.3d 1399 (9th Cir. 1996) ..... 5

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ..... 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..... 4

*Carr v. Asset Acceptance, LLC*,
No. CV F 11-0890 LGO GSA, 2011 WL 3568338 (E.D. Cal. 2011) ..... 9

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
47 Cal. App. 4th 777, 54 Cal. Rptr. 2d 830 (1996) ..... 7

*Dumas v. Kipp*,
90 F.3d 386 (9th Cir. 1996) ..... 5

*Jacob B. v. County of Shasta*,
40 Cal. 4th 948, 56 Cal. Rptr. 3d 477 (2007) ..... 7, 8

*Jefferson v. Carey*,
No. C98-3754, 1999 WL 551196 (N.D. al. July 20, 1999) ..... 7

*Kane v. DeLong*,
No. C-12-5437, 2013 WL 1149801 (N.D. Cal. Mar. 19, 2013) ..... 9

*Kashian v. Harriman*,
98 Cal. App. 4th 892, 120 Cal. Rptr. 2d 576 (2002) ..... 9

*Lerette v. Dean Witter Organization, Inc.*,
60 Cal. App. 3d 573, 131 Cal. Rptr. 592 (1976) ..... 7

*Morales v. Cooperative of Am. Physicians, Inc., Mut. Protection Trust*,
180 F.3d 1060 (9th Cir. 1999) ..... 5, 6, 7, 9

*Nestle USA, Inc. v. Virtual Integration Tech.*,
No. CV 00-001144, 2000 WL 727859 (C.D. Cal. May 17, 2000) ........................ 8

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*,
42 Cal. 3d 1157, 232 Cal. Rptr. 567 (1986) ........................................................ 1

*People ex rel. Gallegos v. Pacific Lumber Co.*,
158 Cal. App. 4th 950, 70 Cal. Rptr. 3d 501 (2008) ............................................ 9

*Pettitt v. Levy*,
28 Cal. App. 3d 484, 104 Cal. Rptr. 650 (1972) .................................................. 6

*Pollock v. University of Southern California*,
112 Cal. App. 4th 1416, 6 Cal. Rptr. 3d 122 (2003) ............................................ 6

*Rubin v. Green*,
4 Cal. 4th 1187, 17 Cal. Rptr. 2d 828 (1993).................................................. 1, 5, 8, 9

*Rusheen v. Cohen*,
37 Cal. 4th 1048, 39 Cal. Rptr. 3d 516 (2006)...................................................... 6, 7

*Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*,
473 F.Supp. 2d 1083 (S.D. Cal. 2007)................................................................... 9

*Silberg v. Anderson*,
50 Cal. 3d 205, 266 Cal. Rptr. 638 (1990)........................................................... 5, 6

**STATUTES**

Business & Professions Code §§ 17200, *et seq.*............................................................ 1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMorgan Chase & Co., Chase Bank USA, N.A. and Chase Bankcard Services, Inc. (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the complaint in this case.

## I. <u>INTRODUCTION</u>

The complaint, filed by the California Attorney General on behalf of the people of the State of California (the "People"), purports to state a single claim for relief for violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*, (the "UCL"). The alleged acts upon which the complaint is based relate to approximately 120,000 lawsuits filed between 2008 and April 2011 to collect delinquent credit card debt, as well as an unspecified number of additional credit card collection lawsuits filed by third party debt buyers. The complaint alleges that: (a) pre-litigation demand letters sent to delinquent credit card holders and (b) documents filed in the ensuing credit card collection litigation were "unlawful" and thus are actionable under the UCL.

The complaint should be dismissed because it is barred in its entirety by the litigation privilege. The California Supreme Court has held that California's litigation privilege bars UCL suits where the challenged conduct is communicative and bears "some relation to an anticipated lawsuit," including documents filed with a court. *Rubin v. Green*, 4 Cal. 4th 1187, 1194-1195, 17 Cal. Rptr. 2d 828 (1993). In the words of the Court:

> [P]ermitting plaintiff's claim for injunctive relief here would upset the carefully constructed balance between "the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation."

*Id.* at 1203 (*quoting Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1169, 232 Cal. Rptr. 567 (1986)). Because the UCL

claim is based solely upon pre-litigation demand letters sent to delinquent credit card holders, or documents filed in collection litigation, the litigation privilege stands as an absolute bar to the UCL claim, and this case should be dismissed with prejudice.

## II. SUMMARY OF ALLEGATIONS

The complaint alleges that Defendants engaged in wrongful acts in connection with pre-litigation demand letters sent to delinquent credit card holders, as well as sworn documents filed in credit card collection lawsuits by in-house counsel and outside counsel, and in providing sworn documents to entities that purchased delinquent credit card debt for filing in collection litigation. Specifically, the complaint alleges that Defendants committed the following acts:

- In connection with "pre-lawsuit" demand letters:
    - "Robo-signing" such letters;[1]
    - Sending demand letters to delinquent credit card holders signed by attorneys who have not "exercised any independent legal judgment" or reviewed the card holder's file to determine if the letter is accurate;[2]
    - Sending demand letters to delinquent credit card holders that demand payment in incorrect amounts;[3]
    - Sending demand letters to delinquent credit card holders threatening to recover attorneys' fees when, in fact, Defendants as matter of practice do not recover such fees;[4] and

---

1 Complaint, ¶ 3.
2 Complaint, ¶ 16(a).
3 Complaint, ¶ 16(b).
4 Complaint, ¶ 16(c).

- Sending demand letters to delinquent credit card holders threatening to place liens on the card holders' real property when, in fact, Defendants do not obtain such liens;[5]

- In connection with the lawsuits to recover amounts due on account of delinquent credit card debt:
  - "Robo-signing" and filing verifications of complaints that contain false statements;[6]
  - Failing to properly serve delinquent card holder defendants with the summons and complaint and filing false proofs of service;[7] and
  - Filing proofs of service bearing facsimile signatures, rather than "wet-ink" signatures;[8]
- In connection with obtaining default judgments on credit card debt:
  - Filing declarations containing false statements;[9]
  - Filing declarations containing facts as to which the declarant lacks personal knowledge;[10]
  - Filing declarations stating that the delinquent credit card holder is not in the military service when the declarant lacks knowledge of the card holder's military status;[11] and
  - Filing copies of the delinquent credit card holder's credit card statements without redacting all but the last four digits of credit card account number;[12] and

---

5 Complaint, ¶ 16(d).
6 Complaint, ¶ 17(a).
7 Complaint, ¶ 17(b).
8 Complaint, ¶ 17(b).
9 Complaint, ¶ 18(a).
10 Complaint, ¶ 18(a).
11 Complaint, ¶ 18(c).
12 Complaint, ¶ 18(d)

- In connection with collection suits brought by third parties to whom Defendants have sold delinquent credit card debt:
  - Providing affidavits stating facts as to which the affiant lacks personal knowledge and that the affiant has not confirmed by an adequate review of Defendants' books and records;[13]
  - Providing affidavits that fail to state facts "with particularity;"[14] and
  - Providing affidavits that have not been properly executed.[15]

Any UCL claim based upon pre-litigation demand letters and documents filed in collection litigation is absolutely barred by the litigation privilege because it is based upon communications made in connection with litigation. Accordingly, the complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## III. THE STANDARDS APPLICABLE TO MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits the filing of a motion to dismiss a complaint upon the ground that the complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The standard for granting a motion pursuant to Rule 12(b)(6) is well established:

> To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim to relief that is "plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 556). For the

---

13 Complaint, ¶ 20.

14 Complaint, ¶ 20.

15 Complaint, ¶ 20.

purposes of a Rule 12(b)(6) motion to dismiss, facts as alleged are assumed to be true. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996). A court should dismiss an action with prejudice, if, as is the case here, a defect in the complaint cannot be cured by amendment. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE ALLEGED WRONGFUL ACTS UPON WHICH THE COMPLAINT IS BASED ARE COMMUNICATIONS PROTECTED BY CALIFORNIA'S LITIGATION PRIVILEGE

### A. The Litigation Privilege Applies to the Allegations in the Complaint.

"For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as [California Civil Code] section 47(b)."[16] *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993); *Morales v. Cooperative of Am. Physicians, Inc., Mut. Protection Trust*, 180 F.3d 1060, 1062 (9th Cir. 1999) (*quoting Rubin*, 4 Cal. 4th at 1193). The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213, 266 Cal. Rptr. 638 (1990) (citations omitted); *Morales*, 180 F.3d at 1062 n.2 (*quoting Silberg*, 50 Cal. 3d at 213. The privilege also "enhanc[es] the finality of judgments and avoid[s] an unending roundelay of litigation." *Silberg* at 214. The UCL claim in this case, if it is permitted to proceed, would undermine both of these principles.

"The … [litigation] privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have

---

16 Section 47 provides: "A privileged communication is one made: … (b) In any …. (2) judicial proceeding …."

some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990); *Morales*, 180 F.3d at 1062 (*quoting Silberg*, 50 Cal. 3d at 212).

Here, the complaint purports to assert a single UCL claim based upon: (a) filing and providing documents in connection with pending credit card collection litigation[17] and (b) sending demand letters to delinquent credit card holders as a precursor to litigation.[18] The filing or providing of documents in connection with pending litigation is at the heart of the litigation privilege. Indeed, there can be no debate that the filing or provision of such documents is: (1) made in a judicial proceeding, (2) by a litigant, (3) to achieve the objects of the litigation and (4) has some relation to the litigation. *Silberg, supra.* Moreover, even if the filed documents at issue contained false or perjured testimony (as the complaint alleges), that fact would not alter the application of the litigation privilege.

> On close analysis, the gravamen of the action was … ***the procurement of the judgment based on the use of allegedly perjured declarations*** of service. Because these declarations were communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action," the litigation privilege applies to the declarations and protects against torts arising from the privileged declarations.

*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062, 39 Cal. Rptr. 3d 516 (2006) (emphasis added). *See also*, *Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1430, 6 Cal. Rptr. 3d 122 (2003); *Pettitt v. Levy*, 28 Cal. App. 3d 484, 489,

---

17 Complaint at ¶¶ 1-3 and 17-20.

18 Complaint, ¶¶ 15 and 16.

104 Cal. Rptr. 650 (1972); *Jefferson v. Carey*, No. C98-3754, 1999 WL 551196, at *2 (N.D. al. July 20, 1999).[19]

The litigation privilege also applies to pre-litigation demand letters, such as those alleged in the complaint.[20] As stated by the California Supreme Court, the litigation privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." *Rusheen v. Cohen*, 37 Cal. 4th at 1057; *see also*, *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 781, 54 Cal. Rptr. 2d 830 (1996) ("[The litigation privilege] applies to communications preliminary to a proposed judicial proceeding, ***such as a demand letter*** from an attorney to a potential adversary.") (emphasis added); *Lerette v. Dean Witter Organization, Inc.*, 60 Cal. App. 3d 573, 577-578, 131 Cal. Rptr. 592 (1976) ("[W]e hold that a demand letter such as that sent by Dubow is fully privileged under section 47 as preliminary to a judicial

---

[19] The California Supreme Court explained the rationale for applying the litigation privilege to false or perjured testimony as follows:

> "[I]t is desirable to create an absolute privilege … not because we desire to protect the shady practitioner, but because we do not want the honest one to be concerned with [subsequent derivative] actions…." "For our justice system to function, it is necessary that litigants assume responsibility for the complete litigation of their cause during the proceedings. To allow a litigant to attack the integrity of evidence after the proceedings have concluded, except in the most narrowly circumscribed situations, such as extrinsic fraud, would impermissibly burden, if not inundate, our justice system. Thus, the "salutary policy reasons for an absolute [litigation] privilege supersede individual litigants' interests in recovering damages for injurious publications made during the course of judicial proceedings."

*Rusheen v. Cohen*, 37 Cal. 4th at 1064 (internal citations omitted); *see also*, *Jacob B.*, 40 Cal. 4th at 955 ("[The litigation privilege] is absolute and applies regardless of malice."); *Morales*, 180 F.3d at 1062 ("California courts have . . . held that the [litigation] privilege is absolute, even if the result is inequitable . . . .").

[20] Complaint ¶ 15 ("Before filing a lawsuit against a California consumer on an alleged defaulted credit card account, Defendants' attorneys send correspondence to the consumer demanding payment of the balance allegedly due. …").

proceeding."); *Nestle USA, Inc. v. Virtual Integration Tech.*, No. CV 00-001144, 2000 WL 727859, at *2 (C.D. Cal. May 17, 2000) (observing that the litigation privilege "may attach to communications made prior to the commencement of a lawsuit," such as a demand letter). *See also*, *Rubin v. Green*, 4 Cal. 4th at 1194 ("[I]t is late in the day to contend that communications with some relation to an *anticipated* lawsuit are not within the privilege.") (emphasis in original).

Thus, all of the acts upon which the complaint is based fall within the scope of California's litigation privilege.

**B. The Litigation Privilege Bars the UCL Claim Asserted in the Complaint.**

The complaint in this case asserts a single claim for relief, for violation of the UCL.[21] Neither the fact that this case involves a UCL claim, nor the fact that the UCL claim is being asserted by the Attorney General, exempt the claim from the litigation privilege.

The compelling policy reasons underlying the privilege – allowing for zealous advocacy by attorneys, and free access to the courts by litigants and witnesses – have led the California Supreme Court to hold that the privilege applies equally to statutory, common law, and constitutional claims. *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 962, 56 Cal. Rptr. 3d 477 (2007). Indeed, the California Supreme Court expressly held that UCL claims are subject to the litigation privilege.

> Given the importance of the policy favoring judicial access, and of the role played by the litigation privilege as a means of effectuating that policy, we conclude that plaintiff may not avoid the bar of section 47(b) by casting his claim as one for injunctive relief under the unfair competition statute.

*Rubin v. Green*, 4 Cal. 4th at 1204; *see also, Kane v. DeLong*, No. C-12-5437, 2013 WL 1149801, at *11-12 (N.D. Cal. Mar. 19, 2013) (concluding that plaintiffs' UCL claim is barred by California's litigation privilege); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F.Supp. 2d 1083 (S.D. Cal. 2007) (UCL claim for relief based upon Rosenthal Act and FDCPA violations dismissed based upon litigation privilege); *Carr v. Asset Acceptance, LLC*, No. CV F 11-0890 LGO GSA, 2011 WL 3568338 at *8-10 (E.D. Cal. 2011) (same).

The fact that the UCL claim is being asserted by the Attorney General on behalf of the People does not exempt it from the litigation privilege.

> [W]e acknowledge the State's and *amicus's* argument that UCL actions brought by governmental entities on the People's behalf serve important law enforcement purposes. However, the California Supreme Court has already made clear that fact alone does not warrant erosion of the absolute litigation privilege.

*People ex rel. Gallegos v. Pacific Lumber Co.*, 158 Cal. App. 4th 950, 963, 70 Cal. Rptr. 3d 501 (2008).

California law is clear: the litigation privilege is an absolute bar to UCL claims, including those asserted by the Attorney General, that are based upon acts having a relation to judicial proceedings, such as the claim asserted here. Indeed, even if there were any doubt about the privilege's application to this case, that doubt should be resolved in favor of applying the privilege. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913, 120 Cal. Rptr. 2d 576 (2002) ("Any doubt about whether the privilege applies is resolved in favor of applying it."); *Adams v. Superior Court*, 2 Cal. App. 4th 521, 529, 3 Cal. Rptr. 2d 49 (1992); *Morales*, 180 F.3d at 1062. As a consequence, the complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## V. CONCLUSION

The complaint in this case attempts to state a single claim for relief under the UCL. Because each of the acts upon which that claim is based are communications that have "some relation" to judicial proceedings, that claim is barred by the litigation privilege, and the complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

Dated: July 15, 2013

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Richard W. Esterkin
Jami McKeon (SBN 237923)
Richard W. Esterkin (SBN 70769)
Yardena Zwang-Weissman (SBN 247111)

Attorneys for Defendants
JPMORGAN CHASE & CO., CHASE BANK USA, N.A. and CHASE BANKCARD SERVICES, INC.

## DECLARATION OF JAMI WINTZ MCKEON

I, Jami Wintz McKeon, declare:

1. I am an attorney at law, duly admitted into practice before all courts for the State of California and the United States District Court for the Central District of California. I am a member of the law firm of Morgan, Lewis & Bockius LLP, counsel for defendants JPMorgan Chase & Co., Chase Bank USA, N.A. and Chase Bankcard Services, Inc. in this action.

2. In accordance with L.R. 7-3, on July 8, 2013, I met and conferred telephonically with Michele Van Gelderen, William R. Pletcher and Bernard Eskandari, counsel for the People in this action, to determine if the issue raised by this motion could be resolved without the need to file this motion. I advised counsel for the People of the Defendants' view that the People's claim under California Business and Professions Code section 17200 is barred in its entirety by California's litigation privilege. Counsel for the People advised me that they disagreed with that position and that the People would not agree to dismiss their complaint. The call was brief, but both parties expressed familiarity with the relevant law, and agreed to disagree on its applicability. Due to the necessity of having the L.R. 7-3 conference at least seven days in advance of filing the motion, and the July 17 deadline for responding to the complaint, it was not practicable for the parties to meet in person.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Philadelphia, Pennsylvania on July 12, 2013.

Jami Wintz McKeon

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On July 15, 2013, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMI WINTZ MCKEON IN SUPPORT THEREOF**

in a sealed envelope, postage fully paid, addressed as follows:

Kamala D. Harris
Attorney General of California
Francis T. Grunder
Senior Assistant Attorney General
Michele Van Gelderen
Supervising Deputy Attorney General
William R. Pletcher
Bernard A. Eskandari
Timothy D. Lundgren
Deputy Attorneys General
300 South Spring Street, Suite 1701
Los Angeles, CA 90013

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on July 15, 2013, at Los Angeles, California.

I declare under the penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

Joyce McCosco