JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: CV 13-04151 SJO (JEMx)  DATE: July 30, 2013

TITLE: The People of the State of California v. JPMorgan Chase & Co., et al

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                     Not Present
Courtroom Clerk                      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT AND FOR COSTS AND EXPENSES** [Docket No. 11]; **DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** [Docket No. 15]

This matter comes before the Court on Plaintiff the People of the State of California, by and through the California Attorney General's, ("Plaintiff") Motion to Remand Case to the Superior Court of California for the County of Los Angeles and for Just Costs and Actual Expenses ("Motion") filed on June 24, 2013.  Defendants JPMorgan Chase & Co., Chase Bank USA, N.A., and Chase BankCard Services, Inc.'s (collectively, "Defendants") filed an Opposition to the Motion ("Opposition"), to which Plaintiff filed its Reply ("Reply"). The Court also addresses Defendants' Motion to Dismiss Case ("Motion to Dismiss"), filed on July 15, 2013.  The Court found this matter suitable for disposition without oral argument and vacated the hearings set for July 22, 2013 and August 12, 2012.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion and **DENIES AS MOOT** Defendants' Motion to Dismiss.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2013, Plaintiff filed the instant action in the Superior Court of California for the County of Los Angeles, alleging that Defendants engaged in debt collection practices constituting unfair competition in violation of California Business and Professions Code sections 17200 *et seq.*, in addition to other state causes of action, and seeking permanent injunctive relief.  (*See generally* Notice of Removal ("Notice") Ex. A.)  On June 10, 2013, Defendants removed the action to this Court, alleging federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), according to Fifth Circuit interpretation that an action brought by a state attorney general constitutes a "mass action."  (*See generally* Notice.)  On June 24, 2013, Plaintiff filed the instant Motion under 28 U.S.C. § 1447(c), arguing that Defendants' removal is improper because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 13-04151 SJO (JEMx)          DATE: July 30, 2013

pursuant to Ninth Circuit law, an action brought by a state attorney general does not constitute a "mass action" under CAFA. (*See generally* Mot., ECF No. 11.)  In addition, Plaintiff seeks $27,650 in just costs and actual expenses, including attorneys' fees, that were incurred as a result of Defendants' removal. (Mot. 9-10.)  On July 1, 2013, Defendants filed their Opposition, contending that the Fifth Circuit holds the proper interpretation of "mass action" under CAFA, and requesting a stay of the Court's ruling to remand the case pending the Supreme Court's decision in *Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796 (5th Cir. 2012), *cert granted*, 133 S. Ct. 2736 (2013).  (*See generally* Opp'n, ECF No. 12.)  Plaintiff filed its Reply on July 8, 2013. (*See generally* Reply, ECF No. 13.)  On July 15, 2013, Defendants filed their Motion to Dismiss. (*See generally* Mot. to Dismiss, ECF No. 15.)

II.    DISCUSSION

   A.    Remand Motion

It is a fundamental legal principle that federal courts are courts of limited jurisdiction.  The removal statute, 28 U.S.C. § 1441, allows defendants to remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  The Court strictly construes the removal statute against removal jurisdiction.  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).  "The strong presumption against removal means that the defendant always bears the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotation marks omitted).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*  The Court "has the duty to remand" if it lacks subject matter jurisdiction over a removed action. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."  Fed. R. Civ. P. 12(h)(3);  *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant has claimed federal jurisdiction under CAFA.  (*See generally* Notice.)  CAFA provides district courts with original jurisdiction over "mass actions."  *See* 28 U.S.C. § 1332(d)(11)(A).  The Ninth Circuit has held that an action brought by a state attorney general is not removable under CAFA as a "mass action."  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 672 (9th Cir. 2012).  Furthermore, the Supreme Court has noted that "considerations of comity make [federal courts] reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 n.22 (1983).  The instant action was brought by the California Attorney General and advances state law

Case 2:13-cv-04151-SJO-JEM Document 19 Filed 07/30/13 Page 3 of 5 Page ID #:167

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 13-04151 SJO (JEMx)            DATE: July 30, 2013

causes of action only. (*See generally* Notice Ex. A.) Thus, under the clear precedent of Ninth Circuit law, the Court must remand this action.

Defendants argue that the Court must have jurisdiction over the action because the Fifth Circuit's approach recognizing state attorney general actions as "mass actions" under CAFA is the proper approach. (Opp'n 4-8.) In *AU Optronics Corp.*, the Fifth Circuit used a claim-by-claim approach to determine the real parties in interest for purposes of CAFA's "mass action" provision, concluding that the "general public" exception to "mass actions" did not apply to a claim brought by the Mississippi Attorney General on behalf of individual consumers of products because "individual consumers, in addition to the State, are real parties in interest, so there is no way that all of the claims are asserted on behalf of the general public." 701 F.3d at 802 (internal quotations omitted). Thus, the Fifth Circuit is clear. But in reaching its conclusion, the Ninth Circuit in *Nevada v. Bank of America Corp.* explicitly considered at length, and then rejected, the Fifth Circuit's reasoning on the issue.[1] 672 F.3d at 669-70. This Court is not empowered to question Ninth Circuit precedent and must thus decline Defendants' request to revisit the issue. Pursuant to controlling Ninth Circuit precedent, the instant action does not constitute a "mass action" under CAFA and thus the Court lacks jurisdiction over the instant action.

    B.    <u>Defendants' Request to Stay</u>

Defendants next argue that, even if Fifth Circuit law does not apply, the Court should stay its determination of Plaintiff's Motion because the Supreme Court recently granted certiorari to the Fifth Circuit in *AU Optronics Corp.* (Opp'n 9-16.) The Ninth Circuit has discussed how district courts should act in this scenario; in *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), the Ninth Circuit noted in a footnote that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Id.* at 1119 n.2. Although the footnote was not necessary to the outcome in *Yong*, it gives this Court an indication of the Ninth Circuit's current stance on the matter. Thus, the grant of certiorari does not change current Ninth Circuit law in *Nevada v. Bank of America Corp.*, which is binding authority on this Court.

---

[1] The Fourth and Seventh Circuit's interpretations on this matter are in line with the Ninth Circuit. *See LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 772 (7th Cir. 2011) (*parens patriae* suit not a "class action" because the "case was brought by the Attorney General, not by a representative of a class"); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174-76 (4th Cir. 2011) (West Virginia Attorney General's *parens patriae* action to enforce consumer protection statute not removable under CAFA because state statute lacked the procedural requirements of Rule 23).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 13-04151 SJO (JEMx)               DATE:   July 30, 2013

In arguing for a stay, Defendants claim they will suffer "severe hardship" should the Court remand the instant action.  (Opp'n 15.)  In considering the hardship analysis, the Court is mindful of the viewpoint established in the *Yong* footnote.  *Yong*, 208 F.3d at 1119 n.2.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In doing so, the Court must "weigh competing interests and maintain an even balance."  *Id.* at 254-55.  The party seeking the stay bears the burden of establishing the need for it.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  A party requesting a stay due to independent pending proceedings that bear on the case "must make out a clear case of hardship or inequity in being required to go forward."  *Landis*, 299 U.S. at 255.

The hardship analysis here is particularly affected by the length of stay that Defendants request.  The courts must "balance the length of the stay against the strength of the justification given for it.  If a stay is especially long or its term is indefinite, . . . a greater showing [is required] to justify it."  *Yong*, 208 F.3d at 1119 (9th Cir. 2000) (citations omitted) (reversing the district court's grant of a stay to await a decision in a related Ninth Circuit appeal); *see also Landis*, 299 U.S. at 256 (reversing a lower court decision to stay primarily because the stay would result in undue delay); *Levya v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 864 (9th Cir.1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.").  If federal jurisdiction is "neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it."  *Claflin v. Houseman*, 93 U.S. 130, 136 (1876).  Here, Defendants claim that if the Court remands the instant action, they "would be forced to resort to a costly appellate court process and would be at risk of not being able to remove [the] case at a later date" under 28 U.S.C. § 1446(b).  (Opp'n 15-16.)  In balancing the length of the stay against the strength of the justification given for it, the Court recognizes that "[t]he average time between a grant of certiorari and the Supreme Court's decision is on the order of nine months, depending on the time of year."  Aaron-Andrew P. Bruhl, *The Supreme Court's Controversial Gvrs-and an Alternative*, 107 Mich. L. Rev. 711, 745 (2009).  Thus, Defendants have a high burden of establishing hardship.  Here, Defendants have failed to demonstrate a sufficient case of hardship that would result from defending this action in state court.  Plaintiff's action alleges state court causes of action.  (*See generally* Notice Ex. A.)  State courts are courts of competent jurisdiction and are better equipped to hear issues of state law.  *Claflin*, 93 U.S. at 136.  Furthermore, compared to a lengthy stay in this Court until the Supreme Court's uncertain ruling next year, the instant action is likely to proceed much faster in state court.  Moreover, there is no guarantee the Supreme Court will reach a decision in the case that favors Defendants; among other possibilities, the case may be held over, remanded for further proceedings, the parties may settle, or the Supreme Court may interpret the issue contrary to the Fifth Circuit's interpretation.  Thus, Defendants have failed to establish a sufficient case of hardship, and the request to stay the Court's decision to remand the case is denied.

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-04151 SJO (JEMx)</u>   DATE: <u>July 30, 2013</u>

Accordingly, the Court **GRANTS** Plaintiff's request for remand and **REMANDS** the instant action to the Superior Court of California for the County of Los Angeles.

    C.    <u>Just Costs and Actual Expenses</u>

Plaintiff also requests $27,650 in just costs and actual expenses incurred as a result of Defendants' removal. (Mot. 9-10.) Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court concludes that Defendants' purported grounds for removal, though legally insufficient, were not objectively unreasonable under the circumstances. Accordingly, the Court **DENIES** Plaintiff's request for an award of attorney's fees and costs associated with removal.

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. The Court **REMANDS** the instant action to the Superior Court of California for the County of Los Angeles, but **DENIES** Plaintiff's request for costs and expenses. Because this action has been remanded, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss. This action shall close.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to Los Angeles Superior Court,
No. BC 508466
```